IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EMIL JOSEPH EKDAHL,

    Petitioner,                     No. 2:13-cv-00378 KJN P

    vs.

RALPH DIAZ,                        <u>ORDER</u> and

    Respondent.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner, proceeding without counsel and in forma pauperis, in this alleged habeas corpus action filed pursuant to 28 U.S.C. § 2254. This action was filed on January 30, 2013, in the Fresno division of this court, which granted petitioner's application to proceed in forma pauperis. The Fresno division transferred the case to this court on February 26, 2013, together with petitioner's separate motions to stay his March 6, 2013 parole hearing (Dkt. No. 5), and for attorney's fees (Dkt. No. 6). This action is referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and Local Rule 302(c).

        For the reasons that follow, the undersigned finds that this action fails to allege a cognizable federal habeas claim, and recommends that this action be dismissed.

////

1

1    The petition itself (Dkt. No. 1) is limited to petitioner's request for leave to "opt out" of the class action in Gilman v. Schwarzenegger et al., Case No. 2:05-cv-0830 LKK CKD P (hereafter "Gilman"). Petitioner states that he is serving a term of fifteen years to life, and is therefore a member of the class in Gilman. Petitioner asserts that he is pursuing his opt-out request in the instant action because the "court's clerk refuse[d] to file" his request in Gilman itself. However, the undersigned's review of the docket in Gilman demonstrates that petitioner's opt-out request was filed on December 10, 2012 (Dkt. No. 450), and remains pending.

In certifying the Gilman class, the district court found that plaintiffs therein satisfied the requirement of Rules 23(a) and 23(b)(2), Federal Rules of Civil Procedure, specifically, that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." (Gilman, Doc. No. 182 (Mar. 4, 2009 Order certifying class pursuant to Fed. R. Civ. P. 23(b)(2)); and Doc. No. 257 (June 3, 2010 Ninth Circuit Court of Appeals Memorandum affirming district court's order certifying class.)) Thus, the district court in Gilman held that the members of the class "may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action." (Gilman, Doc. No. 296 (Dec.10, 2010 Order) at 2; see also Doc. No. 278 (Oct. 1, 2010 Order); Doc. No. 276 (Sept. 28, 2010 Order); and Doc. No. 274 (Sept. 23, 2010 Order.)) In a class action for injunctive relief certified under Rule 23(b)(2), as in Gilman, a court may, but is not required to, permit members to opt-out of the suit. Crawford v. Honig, 37 F.3d 485, 487 n.2 (9th Cir. 1994). However, that decision rests with the district judge assigned to the class action.

Therefore, the undersigned finds that petitioner must obtain the approval of the district judge in Gilman to opt out of that class. Because petitioner's request cannot be resolved by the undersigned in the present action, petitioner's opt-out request must be denied. Moreover, because there are no other matters raised in petitioner's habeas petition, the court finds that this action should be dismissed. See Rule 4, Federal Rules Governing § 2254 Cases ("If it plainly

1  appears from the petition and any attached exhibits that the petitioner is not entitled to relief in
2  the district court, the judge must dismiss the petition and direct the clerk to notify the
3  petitioner.")

Petitioner's additional filings do not require a different result. Petitioner's separate motion to stay his March 6, 2013 parole hearing (Dkt. No. 5), pending a decision in the instant case, is now moot. Broadly construing such motion as a request to stay all of petitioner's future parole hearings until the instant petition is decided on the merits, the motion is also denied as moot, pursuant to the district judge's adoption of these findings and recommendations.

Petitioner's motion for attorney's fees (Dkt. No. 6) fails to assert any basis for an award of fees. The motion states in full, "Petitioner motions the U.S. District Court for Attorneys Fees in work done in the petition for writ of habeas corpus and motions filed in said writ -- Case No. 1:13-cv-00138 GSA," identifying the case number previously assigned this case while pending in the Fresno division of this court. Attorney's fees are not awarded at the commencement of an action, nor in action without any jurisdictional basis.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to randomly assign a district judge to this action.

In addition, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to stay this action (Dkt. No. 6), and motion for attorney fees (Dkt. No. 7), are denied.

2. The petition for writ of habeas corpus (Dkt. No. 1), is dismissed with prejudice for failure to state a cognizable federal habeas claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections

1 within the specified time may waive the right to appeal the district court's order.  Martinez v.
2 Ylst, 951 F.2d 1153 (9th Cir. 1991).

3 　　　　　Should petitioner file objections, he may address whether a certificate of
4 appealability should issue in the event he files an appeal of the judgment in this case.  See Rule
5 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of
6 appealability when it enters a final order adverse to the applicant).  A certificate of appealability
7 may issue under 28 U.S.C. §2253 "only if the applicant has made a substantial showing of the
8 denial of a constitutional right." 28 U.S.C. § 2253(c)(2).
9 DATED:  March 27, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ekda0378.hc.Gilm